**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAE HYUK SHIN, | No. 14-55419 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01322-GW-RNB |
| v. | |
| J. SOTO, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 2, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Petitioner Bae Hyuk Shin ("Shin") appeals the district court's denial of his

habeas petition, arguing that his rights under the Sixth Amendment's Confrontation

Clause were violated at his 2008 trial that resulted in guilty verdicts for one count

of first-degree murder and one count of second-degree murder. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In 2004, police officers responded to a shooting at a Los Angeles pool hall, and found three gunshot victims: Gi Hyuk Ro ("Ro"), Sang Bae Shin ("Sang"), and the petitioner Shin. Ro and Sang died from their wounds but Shin survived. After the police learned that Shin's wound appeared to be self-inflicted, they arrested him and charged him with the murders of Ro and Sang. Shin did not dispute that he was involved in the shooting but maintained that the gun fired accidentally in the course of a physical struggle with Sang for control of the weapon. Following the shootings, one medical examiner—Dr. Sherry—conducted the autopsy of, and authored the autopsy report for, Ro, while another medical examiner—Dr. Panchal—conducted the autopsy of, and authored the autopsy report for, Sang. Both medical examiners testified at Shin's first trial, which resulted in a mistrial. At the second trial, which resulted in Shin's convictions, Dr. Sherry was the only medical examiner to testify. He described the autopsy he conducted, summarized the contents of Dr. Panchal's report, and then offered his own conclusions as to the significance of some of Dr. Panchal's observations.

Shin argues that Dr. Sherry's testimony regarding Dr. Panchal's report violated the Confrontation Clause. We need not decide whether it did so, however, because any violation was harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). First, Dr. Panchal's autopsy report was not of central importance to the

2

prosecution's case because its findings were not inconsistent with Shin's story. Second, and more important, even without any evidence from the autopsy report, the prosecution's case was very strong. The state introduced ample evidence for a reasonable jury to convict him: two witnesses present at the scene testified that they had not observed a struggle prior to hearing gunshots; responding officers testified that they did not observe any physical evidence of a struggle (such as overturned furniture) at the pool hall; a firearms expert testified that the gun could be fired only after pulling back the hammer before each shot; and two witnesses testified that, while Shin was recovering in the hospital, he told them that he deliberately shot Ro and Sang.

Shin argues that this was a close case that turned on Dr. Panchal's testimony, and cites as evidence the different outcomes of his initial mistrial (in which Dr. Panchal did testify) and his second trial. We have held, however, that focusing on differences between a first trial that ended in a deadlocked jury and a second trial that leads to a conviction "oversimplifies" the harmless-error analysis. *Barker v. Fleming*, 423 F.3d 1085, 1101 (9th Cir. 2005). Instead, a previous mistrial is merely proof that "different juries may view the same facts and testimony differently." *Id*. Indeed, the cross examination of Dr. Panchal at the first trial was brief, and unearthed very little of consequence.

3

Accordingly, we cannot conclude that any Confrontation Clause violation, even assuming one occurred, had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623.

**AFFIRMED**.